**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 6, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GLORIA CRUZ MARTINEZ,

      Defendant-Appellant.

No. 06-8045
(D.C. No. 05-CR-264-J)
(Wyoming)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

On November 16, 2005, Gloria Cruz Martinez (the "Defendant") was charged in a one-count indictment filed in the United States District Court for the District of Wyoming with possession of 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine, with an intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant filed a motion to suppress, which motion, incidentally, does not

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. 34(f); 10th Cir. R. 34.1(g). The case is therefore ordered submitted without oral argument.

appear in the record before us. However, from the Defendant's brief supporting her motion to suppress, as well as from the government's response thereto, it is our understanding that the motion to suppress was based on the premise that the initial stop of Defendant's vehicle by the Wyoming State Patrol on a Wyoming highway violated her Fourth Amendment right to be free from unreasonable searches and seizures. In that same motion to suppress, it would appear that the Defendant also sought a declaration by the district court that the Wyoming statutes which the trooper relied on in stopping the Defendant violated the Dormant Commerce Clause of Article I, Section 8, of the United States Constitution. After hearing, the district court denied the Defendant's motion, holding that the initial stop of the vehicle Defendant was driving did not violate the Fourth Amendment, nor did the Wyoming statutes violate the Dormant Commerce Clause of Article I, Section 8, of the United States Constitution. Subsequent thereto the Defendant, pursuant to a plea agreement, entered a plea of guilty to the charge, reserving her right to appeal the denial of her motion to suppress. Fed. R. Crim. P. 11(a)(2). The Defendant was later sentenced to imprisonment for 125 months. The Defendant then filed a timely notice of appeal.

We are here concerned with two Wyoming statutes. In this regard, Wyo. Stat. § 31-2-205, Display of License Plates, reads as follows:

(a)  License plates for vehicles shall be:
    (i)   Conspicuously displayed and securely fastened to be plainly visible:
        (A)  One (1) on the front of the vehicle, excluding motorcycles, trailers (including horse trailers) and vehicles operated with

2

demo, full use or manufacturer license plates issued pursuant to W.S. 31-16-125;

(B)     One (1) on the rear of the vehicle.

(ii)     Secured to prevent swinging;

(iii)     Attached in a horizontal position no less than twelve (12) inches from the ground;

(iv)     Maintained free from foreign materials and in a condition to be clearly legible.

Further, Wyo. Stat. § 31-4-101, General Prohibitions, reads as follows:

(a)     No person shall knowingly operate, nor shall an owner knowingly permit to be operated, upon any highway any vehicle:

(i)     Unless a valid certificate of title or nontransferable certificate under W.S. 31-2-102(a)(iii), certificate of registration and license plates or temporary permits have been issued for the vehicle except as otherwise provided by this act;

(ii)     Unless valid license plates or permits issued for the vehicle are displayed on the vehicle as provided by this act except as otherwise provided by this act;

(iii)     With license plates, validation stickers or license permits altered, mutilated or obscured so as to prevent the license plate number from being easily read.

The only witness at the hearing on the Defendant's motion to suppress was Joseph Scimone, a trooper with the Wyoming Highway Patrol. Trooper Scimone testified that on the morning of November 7, 2005, he had just completed a traffic stop on Interstate 80 when he noticed a black Ford Taurus pass him traveling east on I-80. The trooper testified that the plate on the Taurus appeared to be black, but that he couldn't see the "actual plate on there." The plate itself was a Georgia plate. After following the Taurus for several miles, and even though he was, at times, within 35-40 feet of the car, he still had difficulty reading the license plate "because it had a smoked license plate covering

3

it." Accordingly, the trooper, on the basis of the Wyoming statutes set forth above, stopped the Taurus.

After stopping the Taurus, the trooper approached the Taurus from the rear and immediately noticed that the rear bumper was out of alignment with the rear fender. The trooper then talked to the driver of the Taurus, who was the Defendant, and asked for identification, and informed her that she had been stopped because of the smoked license plate and his difficulty in reading the plate. Shortly thereafter he informed the Defendant that he was going to issue her a warning ticket, which would take a few minutes to complete. Further conversation ensued, and a few minutes later he asked the Defendant if he could search the car. According to the trooper, the Defendant consented to a search, which disclosed some 77 pounds of cocaine secreted in a spare tire in the trunk and in the rear bumper.

## I. Fourth Amendment

The Fourth Amendment proscribes "unreasonable searches and seizures." It is a well and long established rule that a traffic "stop" constitutes a "seizure." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979), *United States v. Ramirez*, 479 F.3d 1229, 1243 (10th Cir. 2007). The Defendant argues that the trooper's "stop" of the Defendant's vehicle violated the Fourth Amendment prohibition. The district court rejected that argument, and we agree.

The trooper testified, under oath, that when he first saw the Taurus, he could not read the lettering or the numeric figures on the plate. Hence, he proceeded to follow the

4

Taurus, and when he was within 35 to 40 feet of the rear end of the Taurus, he still had difficulty reading the letters and figures on the plate. During that process, he had noticed that the license plate on the rear end of the Taurus had a "smoked cover." On that general state of the record, the district court held that the trooper had a "reasonable articulable suspicion" that the driver of the Taurus was violating the Wyoming statutes referred to above. We hold that the district court's finding on that particular matter is supported by the record before us. And, we conclude that the district court's resolution of this issue is consistent with *Terry v. Ohio*, 392 U.S. 1 (1968) and *U.S. v. Hunnicutt*, 135 F.3d 1345 (10th Cir. 1998).

## II. Dormant Commerce Clause

The district court, in denying the Defendant's motion to suppress, held that the applicable Wyoming statutes did not violate the so-called Dormant Commerce Clause of Article I, Section 8, which gives Congress the power to regulate, *inter alia*, "Commerce with foreign nations and among the several states, and with Indian Tribes." In this general regard, in *Blue Circle Cement v. Board of Cty. Comm'rs,* 27 F.3d 1499, 1511 (10th Cir. 1994), we spoke as follows:

> Blue Circle relies on "dormant" Commerce Clause principles in its attack on the Ordinance's constitutionality. The Commerce Clause not only expressly empowers Congress to regulate commerce among the states, but it also impliedly confines the states' power to burden interstate commerce. The "dormant" Commerce Clause operates in this latter capacity by denying "the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *(Citations omitted.)*

In accord with *Blue Circle*, the Defendant, in order to prevail in his Dormant Commerce Clause argument, must show that the Wyoming statutes here involved "unjustifiably discriminate against or burden the interstate flow of articles of commerce." The district court in the instant case held that the Defendant had not shown that the Wyoming statutes "discriminate against," nor did they otherwise "burden," interstate commerce. In this general regard, *see U.S. v. Greenwood*, 405 F. Supp. 2d 673 (E.D. Va. Dec. 14, 2005). In so doing, the district court observed that the Wyoming statutes here involved applied to all highway traffic in Wyoming, be it interstate or intrastate traffic, and that indeed Georgia had statutes quite similar to the Wyoming statutes. We agree with the district court's disposition of the matter.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge